UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN HOLLIMAN, SHERRY CALLAHAN, THANA BRUNGES, and SHANEE JONES, on behalf of themselves and other members of the general public similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>KAISER FOUNDATION HEALTH PLAN, KAISER FOUNDATION HOSPITALS, THE PERMANENTE MEDICAL GROUP, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, and DOES 1 through 20, inclusive,<br><br>        Defendants. | No. C-06-0755 SC<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND<br><br>- and -<br><br>ORDER DISMISSING DEFENDANTS' MOTION TO TRANSFER VENUE |

## I. INTRODUCTION

Plaintiffs Evelyn Holliman et al. ("Plaintiffs") filed this purported class action in the Superior Court of Alameda County against Kaiser Foundation Health Plan et al. ("Kaiser" or "Defendants"), and Does 1-100, alleging violations of the California Labor Code.  Defendants removed the action to Federal Court, claiming federal question jurisdiction.

Presently before the Court is Plaintiffs' motion to remand the action to state court and Defendants' motion to transfer venue.  For the reasons contained herein, the Court hereby GRANTS Plaintiffs' motion and REMANDS the action to the Superior Court of Alameda County.  Defendants' motion to transfer venue is DISMISSED as moot.

## II. BACKGROUND

Plaintiffs filed this class action against Kaiser "to challenge Kaiser's policy and practice of miscalculating the regular rate of pay of its hourly employees in order to systematically underpay them." Plaintiffs' Memorandum in Support of Motion to Remand at 1.[1]

Plaintiffs allege that Kaiser has (1) violated California Business Code § 17200 et seq., by engaging in unlawful, unfair and fraudulent business acts; (2) violated California Labor Code § 226 by failing to "keep and provide accurate itemized statements of employees' compensation and hours worked"; and (3) violated California Labor Code §§ 201-202 by failing to "pay Plaintiffs all wages earned and unpaid at the time Plaintiffs left or were discharged from their jobs with Defendant [sic]." Id. at 1-2.

Kaiser has filed a motion to transfer venue to the Central District of California. Kaiser contends that "Plaintiff's [sic] counsel filed this case in a blatant attempt to circumvent [sic] adverse class action in a substantively identical putative class action in the Central District":

> Plaintiff's [sic] counsel are currently prosecuting the same claims that they assert here in a matter entitled Regina Allen v. Kaiser Foundation Hospitals, Case No. 05-7010 R (PLAx), which is pending in the Central District. After receiving unfavorable rulings from the district court in that action on class certification, Plaintiff's [sic] counsel filed the instant action substituting Evelyn Holliman for the two named plaintiffs in the Allen action. In short, this action is just an attempted second bite at the apple on class certification with a new judge and [sic] new representative.

---

[1] Plaintiffs first filed this action in the Superior Court for the County of Alameda.

-2-

Defendants' Memorandum in Support of Motion to Transfer Venue at 2.

### III. LEGAL STANDARD

Suits filed in state court may be removed to Federal Court where the Federal Court would have had original jurisdiction over the action in the first instance.  28 U.S.C. § 1441(a).

The removal statute is strictly construed against removal. See Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The defendant seeking removal of an action to Federal Court has the burden of establishing grounds for federal jurisdiction.  See id.

The general rule is that for a plaintiff to state a claim under federal law, "it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations removed).  However, though the plaintiff is the master of the complaint, a "plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."  Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 22 (1983).  Even if a federal question does not appear on the face of the complaint, the doctrine of "artful pleading" allows Federal Courts to retain jurisdiction in three types of cases:  (1) where federal law entirely preempts state law; (2) where "a substantial, disputed question of federal law is a necessary element...of the well-pleaded state claim"; or (3) where

the "right to relief depends on the resolution of a substantial, disputed federal question." <u>Lippitt v. Raymond James Financial Services</u>, 340 F.3d 1033, 1043 (9th Cir. 2003), quoting <u>Rains v. Citerion Systems Inc.</u>, 80 F.3d 339, 345 (9th Cir. 1996) and <u>Brennan v. Southwest Airlines Co.</u>, 134 F.3d 1405, 1409 (9th Cir. 1998).[2]

Courts should "invoke the [artful pleading] doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." <u>Lippitt</u>, 340 F.3d at 1041 (citations and quotation marks removed).

**IV. DISCUSSION**

California Business and Professions Code section 17200 prohibits unlawful, unfair, or fraudulent business practices. See <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone</u>, 20 Cal. 4th 163, 180 (1999). To assert a claim for <u>unlawful</u> business practices, "[s]ection 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." <u>Id</u>.

In the instant case, Plaintiffs have predicated these violations of section 17200 on both state and federal laws, <u>viz</u>., violations of California Labor Code §§ 201-203 and 206 as well as on violations of 29 U.S.C. §§ 207(a)(1) and 217. Complaint ¶¶ 27-31 ("Compl.").

//

---

[2] The U.S. Supreme Court held that the "federal law be both essential and substantial to the state action." <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 828 (1986).

-4-

A. <u>Well-Pleaded Complaint</u>

Federal question jurisdiction is, generally speaking, governed by the well-pleaded complaint rule. This rule provides that only when a federal question is presented on the face of the well-pleaded complaint does a Federal Court have jurisdiction over the complaint. See <u>Duncan v. Stuetzle, 76 F.3d 1480, 1485</u> (9th Cir. 1996).

There is no federal question presented on the face of the well-pleaded complaint. Accordingly, the Court will examine whether the artful pleading doctrine applies to this case.

B. <u>Artful Pleading Doctrine</u>

1. <u>Complete Preemption</u>

Some federal laws grant the Federal Courts exclusive jurisdiction over certain claims, preempting any similar state law claims, such as claims brought under ERISA or section 27 of the Exchange Act, 15 U.S.C. § 78aa, which creates a cause of action "brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." See <u>Lippitt</u>, 340 F.3d at 1042.

Jurisdiction over claims brought under the Fair Labor Standards Act ("FLSA") is not exclusively federal. The FLSA grants concurrent jurisdiction to state and federal courts: "An action to recover the liability prescribed in [sections 206 or 207] may be maintained against any employer...in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

Because the statute allows claims to be brought in both Federal and State Courts, Plaintiffs' claim is not preempted.

-5-

### 2. Whether There Is a Substantial, Disputed Question of Federal Law

Kaiser cites several cases in support of its contention that it is "well established that where a [state unfair competition law or "UCL"] is premised on a violation of a federal law, and a claim for a violation of that federal law would itself be removable, so too is the UCL claim."  Defendants' Brief in Opposition to Motion for Remand at 2.  Nearly all these cases are inapposite to the situation presently before the Court.

The court upheld removal in many of these cases because the federal issue lurking in the state claim was committed to the exclusive jurisdiction of the Federal Courts.  For instance, in Brennan v. Southwest Airlines, plaintiffs, who had asserted only state law claim, contended that the defendants were not authorized to collect an excise tax.  See 134 F.3d at 1408.  The Ninth Circuit declared that plaintiffs' action was in fact a tax refund suit - therefore the Internal Revenue Code could provide the sole remedy - even though plaintiffs had presented it as a state law action.  See id. at 1409-1410.

The next three cases discuss California Business and Professions Code section 17200.  In People ex rel. Lockyer v. Dynegy Power Marketing, plaintiffs brought a state law claim alleging that electric power companies had engaged in unfair business practices.  See 375 F.3d 831, 837 (9th Cir. 2003).  The Ninth Circuit upheld removal, stating that the complaint was an attempt to enforce federal tariffs over which, under the Federal Power Act, "District Courts of the United States...have exclusive

-6-

jurisdiction." Id. at 839-840, quoting 16 U.S.C. § 825p.

In National Credit Reporting Association Inc. v. Experian Information Solutions Inc., the court stated that Plaintiff "borrowed federal antitrust laws." No. C-04-01661, 2004 U.S. Dist. LEXIS 17303 at *8 (N.D. Cal. Jul. 21, 2004). Thus, the section 17200 claim, the court said, "necessarily rest[ed] on questions of federal antitrust law." Id. at *9. The court, citing Dynegy Power Marking, stated that "[w]hen the borrowed law is a federal law, then the claim for unlawful business practices rests on resolution of the federal law. Such an unlawful claim may be removed because the federal law is essential to the plaintiff's claim." Id. at *10. Despite this broad statement, the court stated that "the rule that state law claims cannot be alchemized into federal causes of action by incidental reference...has no application when relief is particularly predicated on a subject matter committed exclusively to federal jurisdiction." See id. at *12-13, quoting Sparta Surgical Corp. v. National Association of Sec. Dealers, Inc., 159 F.3d 1209, 1212-1213 (9th Cir. 1998). The court held that "removal was proper under the artful pleading doctrine" because "plaintiff's Section 17200 claim requires an interpretation of the Sherman Act," which under 15 U.S.C. § 15 grants exclusive jurisdiction to the Federal Courts. Id. at *7.

Defendants have not provided adequate support for their contention. The cases they cite relate to questions of exclusive federal jurisdiction and are, therefore, inapposite to the issues currently before the Court.

-7-

### 3. Whether the Right to Relief Depends on the Resolution of a Substantial, Disputed Federal Question

Now to the question whether federal law is a necessary element of the claim or is required for establishing a right to a remedy.

Two section 17200 cases settle the matter in Plaintiffs' favor. In Castro v. Providian National Bank, the court declared that "[f]atal to defendants' argument [in support of their motion to remand] is the fact that plaintiffs have pled and intend to prove that the unlawful prong of section 17200 is supported by violations of state law as well." No. C-00-4256, 2000 WL 1929366 at *3 (N.D. Cal. Dec. 29, 2000). "A jury could find," the court declared, "that defendants have violated section 17200 - even just the unlawful prong of section 17200 - without finding that defendants have violated the [Truth in Lending Act]. As a result, plaintiffs' cause of action under section 17200 does 'not depend necessarily upon a question of federal law.'" Id., quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 807 (1986).

Similarly, in Roskind v. Morgan Stanley Dean Witter & Company, the Court, in its remand order, found that "state law, not [National Association of Securities Dealers or "NASD"] rules, will determine whether Defendant engaged in unfair practices. 165 F. Supp. 2d 1059, 1067 (N.D. Cal. Apr. 11, 2001). "Plaintiff need not establish a violation of the NASD rules to establish liability under his § 17200 claim." Id.

In the instant case, Plaintiffs predicate their section 17200

-8-

claim on violations of California Labor Code §§ 201-203 and 206 as well as on violations of 29 U.S.C. §§ 207(a)(1) and 217. A jury could find liability based on the predicate state claims, rather than on the federal ones. Therefore, the federal claim is neither a necessary element of the claim nor does the right to a remedy turn on the resolution of substantial, disputed question of federal law.

Based on the foregoing, the Court grants the motion to remand. The Court determines that federal law does not preempt the state claim, that the federal claim is not necessary to establish a claim or a right to a remedy, that Federal Courts should only rarely invoke the artful pleading doctrine, and that the Defendants have not overcome the strict construction of the removal statute against removal.

**V.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand. The case is REMANDED to the Superior Court for Alameda County. Defendants' motion to transfer venue is DISMISSED as moot.

IT IS SO ORDERED.

Dated:  March 14, 2006

_____
UNITED STATES DISTRICT JUDGE